IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICARDO RUSAN,

         Petitioner,

         vs.                        CIVIL ACTION
                                        No. 10-3046-RDR

(FNU) CHESTER,

         Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner in federal custody. Petitioner proceeds pro se.

Petitioner challenges the constitutionality of an administrative disciplinary proceeding on due process grounds, alleging that Bureau of Prisons (BOP) staff failed to comply with applicable policies and that there was insufficient evidence to support the charges. He seeks the restoration of lost Good Conduct Time (GCT).

**Background**

All of the relevant events occurred during petitioner's incarceration in the United States Penitentiary, Marion, Illinois. He commenced this habeas corpus petition following

his transfer to the United States Penitentiary, Leavenworth, Kansas.

In the early afternoon of February 18, 2009, a Recreation Supervisor who was collecting mail found a package labeled "return to sender". The package originally was sent by petitioner to Y.J. on February 4, 2009. The supervisor opened the package, detected the smell of tobacco, and then discovered a false bottom in the package which covered a large plastic bag of loose tobacco. The package and contents were taken to the office of the Lieutenant, where it was examined by other staff members, including the Special Investigative Supervisor (SIS), who discovered a second plastic bag in the tobacco. The second bag contained a substance which tested positive for THC (marijuana).

As a result of this discovery, investigators reviewed petitioner's telephone use and discovered several calls to the same number. Further review of those calls revealed that petitioner had spoken to a female asking whether "the package arrived yet" and telling her to "put it in the bottom in plastic, and that thing you did on your birthday, put it in the middle." Attach. 1, Runge Decl., ¶¶ 11-12, Ex. I. Staff also examined petitioner's request form for sending out a hobbycraft package.

On March 3, 2009, the SIS prepared an incident report. The report included the date and place of the incident, the charges, the BOP prohibited act codes, and a written summary of the evidence which omitted any reference to the review of petitioner's telephone use. *Id.*, Ex. H.

On March 17, 2009, the SIS revised the incident report to include facts concerning the telephone monitoring and to clarify the prohibited act codes. The revised incident report explained the report was delayed due to the ongoing investigation and stated the report had been revised. Ex. I. The report was given to petitioner on the day it was prepared. Petitioner denied any knowledge of the incident, and he did not request that anyone be interviewed. Ex. K.

Petitioner appeared before the Unit Discipline Committee (UDC) on March 19, 2009. He denied the charges and provided a written statement. He also objected on procedural grounds.

On the same day, petitioner received a Notice of Disciplinary Hearing and a copy of the Inmate Rights at Discipline Hearing. He requested assistance by staff member Rivas at the hearing. However, on May 14, 2009, he changed this request and stated he did not want to have a staff representative. Ex. M.

The hearing was conducted before the Discipline Hearing

3

Officer (DHO) on May 15, 2009. The DHO report states that petitioner received advance written notice of the charges and was advised of his rights prior to the hearing, and petitioner acknowledged that he understood his rights. Exs. M-N.

Petitioner provided a written statement to the DHO but did not request a staff representative or request any witness. Ex. O. In the written statement, he alleged errors concerning the timing of the receipt of the incident report and the UDC hearing, the lack of evidence concerning the origin of the package, the revision of the incident report, and the sufficiency of the evidence.

The evidence before the DHO consisted of the revised incident report, the investigation report, the SIS investigation, petitioner's request to mail a package to Y.J., memoranda from the Recreation Specialist and the SIS Lieutenant, reports showing money received by petitioner, photographs of the package and contents, test results of the contents, and a disc of telephone calls in which petitioner discusses the package. Also before the DHO were petitioner's statements. Ex. O.

The DHO found that the evidence supported a conclusion that petitioner had committed the acts charged, namely, Attempted Introduction of any Narcotic, Use of Telephone to Further Criminal Activity, and Unauthorized Use of Mail.

The DHO imposed the following sanctions on petitioner: first, for the attempted introduction of narcotics, disallowance of 31 days of Good Conduct Time (GCT), 60 days disciplinary segregation, suspended pending clear conduct, and loss of visitation; second, for use of the telephone to further criminal acts, disallowance of 31 days GCT, 60 days disciplinary segregation, suspended, and loss of telephone privileges; and third, for unauthorized use of the mail, loss of commissary privileges for 90 days. Petitioner was verbally advised of these sanctions, and he received a written report signed on May 26, 2009. The report provided a statement of the DHO's findings, the evidence supporting the decision, the action taken, and the reasons for the sanctions imposed. Exs. G and O.

Petitioner pursued administrative review of the DHO's decision, and the report was amended to remove action taken for unauthorized use of the mail. Petitioner received a copy of an amended DHO report on July 30, 2009. Exs. G and Q.

## Discussion

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner proceeds pro se, and the court liberally construes his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972);

*Herrera v. Harkins*, 949 F.2d 1096, 1097 (10th Cir. 1991).

Petitioner has a protected liberty interest in earned good conduct credit, *Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987), and he therefore was entitled to due process in the disciplinary proceedings.

Due process in an administrative disciplinary proceeding conducted in a prison is limited, and requires only (1) advanced written notice to the prisoner of the charges no less than twenty-four hours prior to the disciplinary hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense if doing so would not unduly jeopardize institutional safety or correctional goals, and (3) a written statement by the fact-finder of the reasons for the decision and the evidence in support of the decision. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). A prisoner is entitled to an impartial decisionmaker. *Id*. at 571. Likewise, to satisfy procedural due process, a disciplinary finding must be supported by "some evidence in the record." *Superintendent, Mass. Correctional Inst., Walpole v. Hill,* 472 U.S. 445, 454 (1985). However, it is settled that "'[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.'" *Howard v. Bureau of Prisons*, 487 F.3d 808, 812 (10th Cir. 2007) (quoting

*Wolf v. McDonnell,* 418 U.S. at 556).

Petitioner alleges he was denied due process when Bureau of Prisons staff (1) failed to provide him with a copy of the charges within 24 hours from their discovery of the underlying events, (2) failed to explain delay by Unit Discipline Committee, and (3) rewrote the incident report. He also contends the disciplinary finding is not supported by sufficient evidence.

*A. Failure to provide timely written notice of the charges*

Following the February 18, 2009, discovery of the contraband and an investigation, staff prepared the initial incident report on March 3, 2009. (Doc. 7, Attach. 1, ¶ 13, Ex.1.) The report includes the date and place of the incident, the specific charges and associated code numbers, and a written description of the evidence. Approximately two weeks later, on March 17, 2009, staff prepared a rewritten incident report which again provided the date and place of the incident, the specific charges and code numbers, and a written description, but which also contained information concerning the telephone monitoring conducted during the investigation. The revised report states the delay resulted from the ongoing investigation and that it was rewritten. (Id., ¶ 14, Ex. I.)

Petitioner claims respondents erred in failing to provide notice within 24 hours after officials became aware of the

7

contraband. However, a review of the governing regulation reveals the 24-hour notice is somewhat flexible:

> (a) Staff shall give each inmate charged with violating a Bureau rule a written copy of the charge(s) against the inmate, ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident. 28 C.F.R. § 541.15(a).

Where, as here, circumstances warrant additional time, for example, a complicated investigation or the possibility of a criminal prosecution, a delay beyond the ordinary 24-hour timeframe may be reasonable.

In this case, authorities discovered the package on February 18, 2009, and conducted an investigation that included reviewing recordings of petitioner's recent telephone calls. The initial incident report was prepared on March 3, 2009, and was revised two weeks later to include additional facts and to clarify the prohibited acts charged. The revised report explained the delay was due to the investigation. Petitioner received the revised report on March 17, 2009, and appeared before the Unit Discipline Committee on March 19, 2009.

Petitioner has not argued any prejudice occurred as a result of the delay, and the court finds no merit to his claim that the failure to provide the incident report within 24 hours from the discovery of the contraband violated his rights.

*B. Rewritten incident report / delay before UDC*

To the extent petitioner asserts error in the rewriting of the disciplinary report, the court finds no basis for relief is stated. First, there is no prohibition on preparing a revised incident report. Here, the report was revised to provide greater clarity, and petitioner received it days prior to the disciplinary hearing. This sequence of events demonstrates that petitioner had adequate notice of the revisions prior to the hearing and does not suggest that he was denied due process. *See Carruth v. Fondren*, 2009 WL 825775, *5 (D. Minn. 2009)(Doc. 7, Attach. 5)(rewritten incident report that provided greater detail on charges did not deny petitioner due process but rather provided adequate notice and opportunity to defend).

Next, the record shows the UDC hearing was conducted within two days of the preparation of the revised report. Under federal regulation, the UDC hearing is "ordinarily within three work days from the time staff became aware of the inmate's involvement in the incident." 28 C.F.R. § 541.14(b).

This regulation allows some flexibility in the timing of hearings, and the present record demonstrates the investigation of the misconduct was the basis for the delay. The hearing was conducted within two days after notice to the petitioner, and petitioner offers no evidence of any prejudice from the delay.

9

He is not entitled to relief.

*C. Evidentiary sufficiency*

Petitioner claims there is no evidence to support the finding that he committed prohibited acts of introduction of drugs and misuse of telephone. As noted, to satisfy due process, the record must contain "some evidence" supporting the decision. *Hill*, 472 U.S. at 457.

This standard is deferential, and "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The present record satisfies that standard. The information gained from monitoring petitioner's telephone calls, the package, the request to mail out a package, and test results all support the conclusion the hearing's officer's finding that petitioner used the telephone to further a scheme for the introduction of contraband into the facility.

*Petitioner's motion to supplement the petition*

On September 9, 2010, petitioner moved to supplement the petition to include a claim of retaliation (Doc. 9). This claim arises from a request by petitioner's Unit Team to restrict his telephone access for a period of one year in response to his disciplinary conviction and his failure to accept responsibility

for the underlying acts.  Under the restriction, petitioner is allowed one monthly 15-minute telephone call to his mother.

Respondent filed a response (Doc. 10) opposing the motion on grounds including the petitioner's failure to exhaust administrative remedies.  Petitioner then filed a motion to strike the response (Doc. 11).

Having considered these pleadings, the court denies the motion to supplement.  First, it is apparent that petitioner did not use administrative remedies regarding the telephone restriction before requesting the amendment, as required by the Prison Litigation Reform Act (PLRA).  Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Ordinarily, a suit filed before such exhaustion is complete should be dismissed.  *Booth v. Churner*, 532 U.S. 731, 740-41 (2001).

Next, there is authority for the principle that a claim of retaliation is not properly presented in a habeas corpus action.  *See Thomas v. Miller*, 2010 WL 2975423, *4 (W.D. Okla.

2010)(collecting cases).[1]  The court agrees petitioner's remedy concerning the telephone restriction imposed outside the disciplinary process is to pursue relief through administrative channels, and then, if necessary, to pursue an action for civil rights violations.  The court therefore will deny the motion to supplement.

## Conclusion

For the reasons set forth, the court denies petitioner's application for habeas corpus relief.  Petitioner's request to amend the petition to include a claim of retaliation arising from the restriction on telephone use is denied.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motion to supplement the petition (Doc. 9) and his motion to strike respondent's response (Doc. 11) are denied.

Copies of this order shall be transmitted to the parties.

---

[1] A copy of this unpublished order is attached.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 16th day of June, 2011.

                                            S/ Richard D. Rogers
                                            RICHARD D. ROGERS
                                            United States Senior District Judge